Yes, may it please the court, I am Carlos Sanchez and I represent the petitioner. This case arises from a BIA decision denying petitioners application for asylum withholding of removal and protection under the Convention Against Torture. In issuing its decision, the BIA committed numerous errors, including violating its own regulations by engaging in de novo review of factual findings. This court ruled in Garreau v. Barr that, quote, where the BIA engages in de novo review of an IJ's factual findings, instead of limiting its review to clear error, it has committed an error of law. Similarly, in Zumell v. Lynch, this court noted that, quote, if the IJ has left certain factual disputes unresolved and the BIA believes that it cannot decide the case unless they are resolved, it cannot make its own factual findings, but instead must remand to the IJ for further factual findings. Here, the BIA committed a reversible error of law by engaging in de novo fact-finding on two separate material issues. First, the BIA engaged in fact-finding to determine whether petitioner proposed a legally cognizable particular social group that of widows with minor children. In Alanes v. Barr, this court remanded for further fact-finding holding that a petitioner is entitled to have an IJ first consider facts that define his particular social group and noted that neither the BIA nor the Ninth Circuit is authorized to make such findings. Second, the BIA engaged in fact-finding to determine whether the particular social group is a reason petitioner's life or freedom would be threatened in El Salvador. Despite the BIA's insistence that it agrees with the IJ's determination regarding the lower A reason standard for withholding of removal, the IJ never made such an analysis and the BIA's review is de novo. So what the IJ said was that the group was not the central reason or even a central reason for the harm, which doesn't really make any sense. And so it isn't what the board did treat the second occurrence of the word central in that as essentially the oral equivalent of a scrivener's error. And so why isn't it within their discretion to decide to read it that way? There's two different reasons that I believe that that would be an incorrect interpretation of the immigration judge's decision. First would be that the case law in the Ninth Circuit of Parisimova v. Mukasey regarding the central reason standard noted that it did not have to be a predominant reason and that there could be more than one central reason. And therefore the statement the central reason or a central reason does make sense in the context of the case law given that it could either be the predominant central reason or it could be a central reason among others as this court has acknowledged. Additionally, in the immigration judge's decision, there is a separate section regarding withholding of removal. And in that section, the immigration judge does not acknowledge the lower a reason standard. Neither does the judge apply that standard to the facts of the case. But the BIA got the standard right, right? That is correct. And the BIA is permitted to correct the legal standard. However, what the BIA is not permitted to do is engage in factual findings. Right. So what is your best, forgive me for interrupting, but what's your best argument that what the BIA did here really required it to engage in fact finding given the two wobbly, I think not well articulated findings, but nevertheless findings of fact by the IJ? The BIA appears to kind of look past the incorrect categorization of the immigration  Well, I'm not sure. But counsel, forgive me for interrupting, but I'm not sure why the BIA can't do that. I'd be a lot more concerned if the BIA got the standard wrong. But it seems to me you've conceded the BIA got the standard right. So I'm trying to figure out what your remaining argument is. I think it has to be that in order for the BIA to have made that finding that it is necessarily engaged in impermissible fact finding, right? That it couldn't have extrapolated from the IJ's two statements. Is that it? That is correct. And additionally, in the first instance, there should be factual findings that are reviewed by the Board of Immigration Appeals. And in this case, there has not been those factual findings in the first place. And the proper procedure would have been to remand for further findings, even if it were to correctly address the categorization and the language used for these separate categories. However, the BIA did not do that. And instead, misconstrued the immigration judge's opinion, and in doing so, essentially engaged in its own factual finding. Okay. Counsel, I think you've answered my question, and I don't want to take up a whole lot of your time. So I'm just concerned about it. Are there other points you wanted to make? Yes. Even with regards to the facts themselves, the immigration judge did make the factual finding. The petitioner testified credibly that she experienced a reasonable fear for herself, her children, and her family when she learned that her father-in-law was approached by gang members to recruit her son. Additionally, the immigration judge found an ultimatum, such as the one in this case, your son will join our gang or very bad things will happen to your family or your family could be killed, may be seen as a threat. However, the BIA and the immigration judge clearly erred by not finding that these facts give rise to a fear of future persecution on account of a protected ground. Okay. Can I ask you, I'm sorry, one more question about nexus, which is why, I mean, when we read the, I mean, we have the statement with the central and a central, but if you read the paragraph surrounding that, I mean, the very next sentence is, rather, it was general gang recruitment following a pattern of recruiting young men to work for the gang, which on its face seems to me to be saying, like, doesn't have anything to do with the particular social group at all. And the rest of the paragraph suggests that membership in the group was not at all a factor in the persecution. So why couldn't the board have read that as essentially a finding that, like, it's just not a factor under any standard? It may, I would disagree that the BIA would be permitted to construe the factual findings further, and those findings by the immigration judge are somewhat conclusory and don't explicitly state that the motivation of gang recruitment was the sole motivation. If there was clear language such as, you know, and more absolute language such as that, then I think the BIA may have been permitted to find that there is a factual finding that there is no motivation based on a protected ground. However, the immigration judge did not use such precise language, and the BIA, in trying to correct for this imprecise language, engaged in the factual finding and committed error that that should be reversed. Regarding the factual findings as well, a similar case in the Fourth Circuit, Hernandez Avalos v. Lynch, the court found that the IJ and BIA clearly erred in finding that a person was not persecuted on account of familial status, and although the petitioner's proposed group, widows with minor children, is narrower than family, the record in this case supports a similar finding, and with that, I'll reserve my remaining time for rebuttal. Any questions, Judge Tsushima? All right. We'll hear from opposing counsel. Good morning, and may it please the court. My name is Margot Kniffen for the United States Attorney General. The court should deny this petition for review because the record fails to compel reversal of the agency's nexus determination. As the Supreme Court explained in Elias Zacharias, motive is critical to nexus. The noncitizen must therefore show that the persecutor knew and cared about her protected characteristic, and was motivated to act on that basis. Here substantial evidence supports the agency's determination that the gang members who approached the lead petitioner's father-in-law were only motivated by their interest in recruiting the lead petitioner's minor son, and not by her status as a widow with minor children. Indeed, the lead petitioner testified and indicated in her declaration that when the gang members approached her father-in-law, they expressly stated that they were doing so because they wanted to recruit her minor son. She furthermore indicated that her minor son had turned nine years old, which was the age at which he could become of use to them as an informant. The agency also reasonably considered the timing of this interaction, finding that while the lead petitioner became a widow in 2013, the gang members then waited two years until 2015 to approach her father-in-law. And finally, the agency reasonably considered the country condition evidence, noting that widows are expressly treated, specifically treated in El Salvador, and therefore this evidence did not present circumstantial evidence of motive. So what's your answer to your friend's point that the IJ is finding, and we have this sort of garbled statement about central reason, but central is there. That's in the asylum discussion, and obviously that's the right standard for asylum. And then we get to withholding, and the IJ just says, well, withholding follows, say for sure. I mean, where is the evidence that the IJ actually made a finding under the A reason standard? What's clear from the immigration judge's decision is that she did not conduct a mixed motive analysis in her nexus, in the nexus aspect of her decision. I would point the panel's attention to the use of the word rather on page 47 of the record in her decision, which connotes an either or analysis. Based on this language, the board reasonably construed the immigration judge as making a no motive finding and properly affirmed this finding. Under Ming Dai, given that the agency's path to making this no motive finding is reasonably ascertainable, the court should not now remand for the agency to provide further clarification. And furthermore... Can I ask, what is it about the word rather that gets you that gets you that? I'm missing the significance of that word, I think. Of course. Well, the immigration judge did not conduct a mixed motive analysis. She did not look at the multiple possible motives and find that the protective ground was not one central reason or a reason. In her analysis, it's clear that she's really looking and finding that the gang member's interest in recruitment was the only motive presented by the record. And rather shows that it was an either or. It was at the bottom, it was the protected ground or their interest in recruitment. It's an either or analysis, which is what the board properly affirmed. And I would look, in addition to the word rather, the agency's or the immigration judge's reasoning really looked only to the recruitment finding, to the recruitment motive. And that, again, is what the board affirmed in its decision, finding that the gang members were only motivated by their interest in recruiting the lead petitioner's minor son, which is supported by substantial evidence. And as this court explained in Singh, when the agency makes a no motive finding, as it did here, that is supported by substantial evidence, the court need not remand for the reason and a reason standards. That is what we see in this case. The agency reasonably reached a no motive finding, which is supported by substantial evidence. And so remanding for further parsing of these standards would be an exercise in futility. When you say the agency made a, I guess, a no mix motive finding, who in the agency made that finding? The immigration judge did initially. I would point the panel. Well, you went through how you could parse out, you know, maybe that's what the immigration judge meant, but there was no such finding, was there? By the immigration judge, I mean. The immigration judge made the initial finding, which was then affirmed by the board, applying clear error standard to the factual finding that the only motive that the gang members had was their interest in recruiting the son. And that is the decision that the court looks at now. And so contrary to the petitioner's opposing counsel's argument, the board did not engage in fact finding. Instead, it properly construed the immigration judge's decision as making a no motive finding, and it affirmed that finding. Again, the petitioners failed to point to anything in the record compelling reversal of that no motive finding. And so remanding at this point for the agency to parse the question of one central reason versus a reason would be futile under this court's well-established case law. And I would just, in the petitioner's opening brief, they failed to point to anything compelling reversal of that no motive finding. To the extent that they point to the lead petitioner's testimony that her neighbor was also targeted by the gangs, there's no indication that this neighbor was a widow or that the gang members knew or cared about, even if she was a widow, that the gang members knew or cared about her widow status. Similarly, to the extent that they point to country condition evidence describing gang members targeting of a female activist, that is not the claim that they presented before the agency. And so the petitioners failed to compel reversal of the agency's no motive finding. And as such, the court should uphold it today. So in conclusion, given that the record fails to compel reversal of the agency's nexus finding, in addition that the petitioner's legal challenges to the agency's denial of asylum withholding and withholding of removal are unavailing, and that the petitioners waive any challenge to the agency's denial of CAT protection, the court should deny this petition for review. Thank you. Any further questions from the panel? Looks like not. Thank you, counsel. We'll hear from petitioner's counsel, please. You have a couple minutes. It would not be idle to remand to the agency for further consideration of the nexus standard. This court has found that circumstances alone may support a finding of motivation for persecution on the basis of a protected ground. The testimony that petitioner presented, that a neighbor who is similarly situated by means of gender relationship status and familial status was similarly targeted, as well as other individuals who are also in similar circumstances have also been targeted by gangs challenging their authority for recruiting their sons, it is based on not just familial status, as was the case in the Fourth Circuit, Hernandez-Avalos v. Lynch, but also with regard to characteristics of gender and relationship status. So the country condition reports are relevant, and they do show a reasonable difference in opinion. And with that, we request the court grant the petition for review. Thank you, counsel. Any further questions from the panel? It doesn't appear to be. Thank you both very much for your helpful argument. We'll take that case under advisement.
judges: TASHIMA, CHRISTEN, MILLER